IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                                                                       **CRIMINAL ACTION No.: 3:18-CR-250-HTW-FKB**

**MICHAEL WAYNE PEARSON**

### ORDER

BEFORE THIS COURT is the defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). **[Docket no. 61]**. The defendant seeks to serve the remainder of his sentence on home detention due to his alleged concerns about exposure to COVID-19. The government responds in opposition saying that the defendant has not exhausted his mandatory administrative remedies with the United States Bureau of Prisons before filing his motion.

On March 11, 2020, the World Health Organization ("WHO") officially classified the new strain of coronavirus, COVID-19, as a pandemic. As of April 29, 2020, COVID-19 has infected at least 2,995,758 worldwide, leading to at least 204,987 deaths.[1] In the United States, approximately 981,246 have been infected, leading to 55,258 deaths.[2] These numbers almost certainly underrepresent the true scope of the crisis; test kits in the United States have been inadequate to meet demand. On March 13, 2020, the White House declared a national emergency, under Section 319 of the Public Health Service Act, 42 U.S.C. § 247(d)). On March 16, 2020, the White House issued guidance recommending that, for the next eight weeks, gatherings of ten persons or more be canceled or postponed.

The Centers for Disease Control and Prevention ("CDC") have also issued guidance related to the deadly effects of COVID-19 on certain high-risk patients of the population. The CDC

---

[1] https://www.who.int/emergencies/diseases/novel-coronavirus-2019
[2] https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html

identified the population most at risk of death from the disease to include adults over 60 years old with chronic medical conditions, such as lung disease, heart disease, and diabetes. For these individuals, the CDC warned to take immediate preventative actions, including avoiding crowded areas and staying at home as much as possible.

The defendant was indicted on December 11, 2018. The indictment charged the defendant with two (2) counts: making a false statement to a firearms dealer that he had not been previously adjudicated a mental defective; and making a false statement to a firearms dealer that he had not been previously involuntarily committed to a mental institution.

This court empaneled a duly sworn jury on April 23, 2019. After three (3) days, on April 25, 2019, the jury found the defendant guilty of all charges.

This court held sentencing hearings on August 6, 2019, and on November 26, 2019. After the conclusion of the sentencing hearings, this court sentenced the defendant to fifteen (15) month's confinement in the custody of the U.S. Bureau of Prisons, on both counts to run concurrently. The defendant's term of incarceration is to be followed by a three (3) year term of supervised release. This court waived the defendant's fine and imposed the $100 special assessment fee for each count for a total of $200.

The defendant filed a request for compassionate release on March 31, 2020 with the Warden of Federal Correctional Institute Oakdale II where he is currently being held. On the next day, April 1, 2020, the defendant filed his Motion for Compassionate Release with this court.

Title 18 U.S.C. § 3582(c)(1)(A) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
>> (1) in any case--
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

> of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> (i) extraordinary and compelling reasons warrant such a
>>
>> reduction;
>
> 18 U.S.C.A. § 3582 (West).
>
> When interpreting a statute, this court first looks to the language of the statute itself. *United States v. Kay*, 359 F.3d 738, 742 (5th Cir.2004). We are bound to "follow the plain and unambiguous meaning of the statutory language." *Id*. (citation and internal quotation marks omitted). Terms not defined in the statute itself should be given their "ordinary and natural meaning" and should be interpreted according to the "overall policies and objectives of the statute." *Id*. (citation and internal quotation marks omitted).

*United States v. Hampton*, 633 F.3d 334, 337 (5th Cir. 2011).

The plain language of Title 18 U.S.C. § 3582(c)(1)(A) is clear and unambiguous, the defendant must exhaust his administrative remedies before filing his motion with this court. Notwithstanding such failure, the defendant urges this court to ignore the plain language of the statute as futile. This court will not ignore the intent of the United States Congress when it enacted Title 18 U.S.C. § 3582(c)(1)(A). Accordingly, this court finds it must deny the defendant's motion.

**IT IS, THEREFORE, ORDERED that the defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) [Docket no. 61] is hereby DENIED.**

**SO ORDERED this the 2nd day of July, 2020.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**